## MAGNOLIA GAS PRODUCTS CO. v. RYDJEWSKI et ux. (No. 9040.)

Court of Civil Appeals of Texas. Galveston. Nov. 23, 1927.

1. **Street railroads** ⟲117(28)—**Negligence of truck driver in attempting to pass street car, making right turn across path of truck, held for jury.**

Issue of negligence of truck driver in attempting to pass street car turning curve to right in front of truck's path *held* for jury, in action for injuries resulting from collision.

2. **Street railroads** ⟲85(2)—**Statute regulating law of road does not apply to street cars (Pen. Code 1925, art. 801, subd. [k]).**

Pen. Code 1925, art. 801, subd. (k), prescribing laws of road with regard to right of way of vehicles, does not apply to regulation of traffic of street cars in connection with other vehicles, but only to such vehicles as are capable of moving around from place to place on highway.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit by Fred Rydjewski and wife against the Magnolia Gas Products Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Collins & Houston, of Dallas, for appellant.

T. J. Harris and Ward & Ward, all of Houston, for appellees.

GRAVES, J. This is a suit for damages brought by Fred Rydjewski and wife, Wilhelmina Rydjewski, for injuries sustained by

---

her in a collision at Loraine and Clark streets in the city of Houston between defendant's truck and a street car of the Houston Electric Company.

The cause was submitted to the jury on special issues; these being found favorable to plaintiff, judgment was entered in the amount of damages assessed.

Appellant predicates its appeal upon two propositions:

"(1) The court erred in refusing to give defendant's special requested charge No. 2, submitted to the court after the close of the evidence and after both parties had rested their case, which was a peremptory instruction in favor of the defendant, for the following reasons, to wit:

"The undisputed evidence in this case showing that the truck in question, being driven by an employee of defendant, was occupying the right-hand side of Clark street going south at the time of the accident, while the street car was turning the curve from Clark street into Loraine street, which crossed the path of said truck, and further showing that the said truck reached the point of intersection, where the collision occurred, before the street car did, the truck had the right of way as a matter of law, and, there being no evidence that the driver of the truck knew that the street car would not yield the right of way for him to pass over the street car track, there was no negligence proven authorizing the recovery by the plaintiff herein."

" (2) The undisputed evidence showing that the driver of defendant's truck was going south on Clark street, and that he overtook a street car going in the same direction on the same street, which street car was fixing to turn west on Loraine street, whereas the said truck was going to continue south on Clark street, and said truck reached the point of intersection between its course and the street car track before the street car reached it in turning the curve into Loraine street, the said truck had the right of way over the street car, and, there being no evidence that the driver of the truck knew the street car would not yield the right of way for him to pass in safety, there was no evidence to sustain a finding of negligence on the part of the driver of the truck, and the court erred in submitting special issue No. 1, as shown by exception No. 1 to the court's charge."

[1] Both of the quoted propositions challenge the sufficiency of the testimony to sustain the verdict and judgment, but, after a careful examination of the statement of facts, this court is unable to uphold either; indeed, while it seems to us the driver of appellant's truck was perilously near, if not in fact guilty of negligence as a matter of law, we find it unnecessary to so determine, since in our opinion there was at least ample evidence sustaining the finding of negligence as made by the jury.

Appellant's main contention is that, under subdivision (k), art. 801, of our Penal Code, the truck had the right of way on entering Loraine street, and that its driver was not required to anticipate that the operative of the street car would turn west down Loraine street without first seeing that the way was clear ahead of him, and, in answer to the suggestion that the evidence showed the driver of the truck to have been aware that the street car would, in fact must, change its course at that point and turn west down Loraine, its brief makes this statement:

"He doubtless did know it, but he also knew that he was going straight on south on Clark street, and that he had right of way over a vehicle turning into any other street, provided he reached the street car track at the intersection of same with his path on Clark street before the vehicle making the turn. It was the duty of the motorman to look to see that his way was clear, especially so when he was crossing west side of Clark street on which other traffic might be proceeding to the south."

[2] In the first place, this court is of opinion that the penal statute referred to has no application, in that it was not meant to regulate the traffic of street cars in connection with other vehicles, but only such vehicles as were capable of moving around from place to place on the highway—not those confined, like street cars, to a single track.

In the second place, with the invoked statute eliminated, there is neither presumption nor proof from which it may be found that the truck had the right of way upon the coming together of the two conveyances at the entrance to Loraine street. Upon the contrary, there was amply sufficient evidence to sustain, if in fact it did not compel, the jury's finding that its driver not only had no such preferential right to enter upon Loraine street in the circumstances, but was guilty of negligence in doing so in the way he was shown to have done. By the undisputed testimony this driver was not alone thoroughly familiar with the streets and car line in that locality, knowing that the street car had to, and would, on entering Loraine, turn toward the west, or directly into the path in front of him, but he drove up behind it along Clark street as both approached Loraine, looking at it all the while, and in the language of another employee of appellant who was riding on the front seat of the truck with him:

"We started up after he had closed the door, and were going on ahead of it. We did see that street car was on the rails and that the rails turned to the right. There was no street car rails running on up Clark street."

Another uncontroverted feature is that there was nothing to prevent the truck, which admittedly came up behind the street car, from turning to the right in the same direction the street car was very slowly moving on first entering Loraine, that safe outlet being entirely open to him, but, instead, the circumstances plainly indicate that he took the chance by racing straight ahead, entailing the collision.

Appellant's argument in the brief assumes

that the truck stopped opposite the street car just before either entered upon Loraine out of Clark street, but the evidence as a whole leaves this matter far from being undisputed. Indeed, there was plainly sufficient proof to support a finding that it never stopped at all, but dashed straight ahead across Loraine at from 18 to 20 miles per hour, since it struck and dragged the street car off its track, tearing the front end of it out in doing so, and then went some 30 or 40 feet down Clark street on the far side of Loraine before being stopped. Such momentum is difficult, if not impossible, of explanation upon any other theory.

In short, as before indicated, the evidence so strongly supports the verdict that detailed discussion is deemed unnecessary. The judgment will be affirmed.

Affirmed.